IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK WILLIAM EVERTS, ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> JAMES YATES, Warden, ) <br> Respondent. ) <br> ) | No. C 09-4857 JSW (PR) <br><br> **ORDER DENYING PETITION FOR** <br> **WRIT OF HABEAS CORPUS** |

## INTRODUCTION

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The Court ordered respondent to show cause why the writ should not be granted. Respondent filed an answer and a memorandum of points and authorities in support, and has lodged exhibits with the court. Petitioner responded with a traverse. For the reasons set out below, the petition is DENIED.

## BACKGROUND

By information filed in the Santa Clara County Superior Court on October 27, 2005, Petitioner was charged with 15 felony counts of committing a lewd or lascivious act upon a child under the age of 14 (Cal. Pen. Code § 288(a)), two felony counts of employing a child for noncommercial pornography (Cal. Pen. Code § 311.4(c)), and one misdemeanor count of possessing child pornography (Cal. Pen. Code § 311.11(a)). He was also charged with suffering two prior convictions in Oregon for sex offenses.

Petitioner initially pleaded not guilty to all charges. On January 3, 2006, he added the plea of not guilty by reason of insanity, and waived his right to a jury trial on both the guilt and sanity phases.

The case was submitted based upon the preliminary hearing transcript, exhibits from the preliminary hearing, CDs and transcripts of two interviews between Petitioner and the San Jose police during which Petitioner described his conduct with the alleged victims, transcripts of two interviews of one victim, and a packet concerning his prior Oregon convictions in 1992.[1] In his closing statement, defense counsel told the court that the defense was not disputing the evidence in the guilt phase. He simply asked the court "to use its discretion in deciding the physical acts occurred." The court found defendant guilty beyond a reasonable doubt of the 18 charged counts and found all allegations true beyond a reasonable doubt.

During the sanity phase, defense counsel called Petitioner as a witness and the trial court admitted into evidence documents concerning Petitioner's medical history. The court found Petitioner to be sane at the time he committed the charged offenses. On February 9, 2007, the court sentenced him to state prison for a term of 800 years to life. On June 3, 2008, the California Court of Appeal affirmed the conviction and on August 13, 2008, the California Supreme Court denied a petition for review. Petitioner filed unsuccessful state habeas petitions in all three courts. In his habeas petition to the California Supreme Court, Petitioner raised the claim raised herein, and it was denied on September 23, 2009. On October 13, 2009, Petitioner filed the instant federal petition.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state

---

[1] A detailed recitation of the evidence of Petitioner's conduct is not necessary to the resolution of the claim raised in the instant petition.

2

court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## DISCUSSION

Petitioner claims that California Penal Code § 25(b), which defines the defense of insanity, violates due process by unconstitutionally shifting the burden of proof on the element of intent. The Due Process Clause of the Fourteenth Amendment requires the State to prove beyond a reasonable doubt every fact necessary to prove each element of the offense with which he or she is charged. *See In re Winship*, 397 U.S. 358, 364 (1970). Section 25(b) provides:

> In any criminal proceeding, including any juvenile court proceeding, in which a plea of not guilty by reason of insanity is entered, this defense shall be found by the trier of fact only when the accused person proves by a preponderance of the evidence that he or she was incapable of knowing or understanding the nature and quality of his or her act and of distinguishing right from wrong at the time of the commission of the offense.

Petitioner argues that insanity "negates" intent, and so giving a defendant the burden of proving insanity effectively requires him to disprove the element of intent, thus relieving the prosecution of the burden of proving the element of intent. The United States Supreme Court has rejected Petitioner's claim. A state may require a defendant to prove his insanity, whether by a preponderance of the evidence or beyond a reasonable doubt. *Leland v. Oregon*, 343 U.S. 790, 798-99 (1952); *see Clark v. Arizona*, 548 U.S. 735 769, (2006) (citing *Leland*). Petitioner argues that the holding in *Leland* does not apply here, relying upon the Supreme Court's decision in *Mullaney v. Wilbur*, 421 U.S.

684, 697-701 (1975). In *Mullaney*, the Supreme Court struck down a Maine statute requiring a homicide defendant to prove that he acted in the heat of passion in order to reduce his conviction from murder to manslaughter. *Id.* at 700-01. The Court reasoned that this statutory scheme impermissibly shifted the burden of proof because it required the defendant to prove the absence of the mental state element of murder. *Id.* In *Patterson v. New York*, 432 U.S. 197 (1977), however, the Supreme Court recognized that *Mullaney* did not address an insanity defense, and the Court reaffirmed *Leland*'s holding that a state may require a defendant to prove insanity without shifting the burden of proof or violating due process. *Id.* at 205.

Petitioner argues that *Mullaney* nevertheless limited *Leland* to the context of its case, and that *Leland* did not create a per se rule that a defendant may always be allowed to have the burden of proof to show their insanity. He argues that *Mullaney* "makes clear" that *Leland* allowed the defendant to bear the burden of proof on insanity only because under the Oregon scheme at issue there "the existence or non-existence of legal insanity bears no necessary relationship of the required mental elements of the crime." *Mullaney*, 421 U.S. at 706 (Rehnquist, J., concurring). The reason that the *Mullaney* Court reached that conclusion, however, is that under the Oregon scheme, the jury finds the defendant guilty of all the elements of the offense before it considers the defendant's sanity. *Id.* at 705-06 (citing *Leland*, 343 U.S. at 792, 795). The same procedure was used in Petitioner's case: the fact-finder found Petitioner guilty of all the elements of his offense before making a sanity determination. Thus, even if *Mullaney* can be read to limit *Leland* to the particular procedural scheme at issue in that case, as Petitioner argues, *Leland* would still apply to this case because similar procedures were used here and, as in *Leland*, "the existence or non-existence of legal insanity bears no necessary relationship of the required mental elements" of Petitioner's crime. *Id.*

Petitioner also cites a decision by the Ninth Circuit, *United States v. Leal-Cruz*,

4

431 F.3d 667, 670-72 (9th Cir. 2005), which held that due process "forbids shifting the burden of proof to the defendant on an issue only where establishing the defense would necessarily negate an element that the prosecution must prove beyond a reasonable doubt under *Winship*." *Id.* at 671. To begin with, under AEDPA federal habeas relief is not available solely on the basis of decisions by the circuit courts of appeal, such as the holding in *Leal*. 28 U.S.C. § 2254(d)(1) (habeas relief must be based on "clearly established Federal law" as determined by the United States Supreme Court); *see, e.g. Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (finding that trial court's admission of irrelevant evidence not a basis for federal habeas relief under AEDPA because it was "fundamentally unfair" under Ninth Circuit, but not Supreme Court, precedent). Even if *Leal* can be fairly read as simply an interpretation of *Mullaney*, moreover, California's insanity statute is constitutional under *Mullaney* and the other Supreme Court decisions discussed above.

Moreover, the Ninth Circuit has also stated that "[s]tates are not required to provide affirmative defenses or mitigating circumstances, and may define which party bears the burden of proof for such defenses and circumstances." *Gratzer v. Mahoney*, 397 F.3d 686, 691 n.4 (9th Cir. 2005 (citing *Patterson*, 432 U.S. at 209). It is clear that California has assigned the burden of proof on the insanity defense to the defendant, and under Supreme Court jurisprudence, this is permissible for the reasons discussed above. Consequently, it was neither contrary to nor an unreasonable application of clearly established federal law for the state courts to reject Petitioner's claim.

//

//

5

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

DATED: September 20, 2011

JEFFREY S. WHITE
United States District Judge

6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FREDERICK WILLIAM EVERTS,

    Plaintiff,

v.

JAMES YATES et al,

    Defendant.

Case Number: CV09-04857 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 20, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Frederick W. Everts
F62994
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210

Dated: September 20, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk